IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS WARE, LANCE WYSS, ) <br> CHRISTIAN ZARAGOZA, JEFFREY ) <br> FITE, DAVID SCOTT, and ) <br> JOSHUA CALLIS, ) <br> on behalf of themselves and all ) <br> similarly situated individuals, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> T-MOBILE USA ) <br> ) <br> Defendant. ) | Case No. 3:11-cv-0411 <br> Judge Trauger |

## MEMORANDUM AND ORDER

This federal wage and hour suit involves defendant T-Mobile USA's ("T-Mobile") alleged policies and practices with respect to its overtime compensation of hourly employees at its call centers nationwide.[1] The named plaintiffs are former hourly employees who worked at T-Mobile's call centers in Nashville, Tennessee and Colorado Springs, Colorado. The plaintiffs allege that they performed uncompensated work prior to the commencement of their shifts and during their unpaid meal breaks. They also allege that T-Mobile underpaid employees by failing to include certain required payments in the regular rate of pay when it calculated overtime. The plaintiffs claim that, by failing to compensate employees for pre-shift work and work performed

---

[1] A more thorough recitation of the background underlying this case appears in the court's prior opinions concerning conditional certification. *See Ware v. T-Mobile, USA*, Case No. 3:11-cv-0411 (M.D. Tenn. Aug. 28, 2012) (Docket No. 106); *Ware v. T-Mobile, USA*, 828 F.Supp.2d 948 (M.D. Tenn. 2011).

1

during unpaid meal breaks and by miscalculating the regular rate of pay, T-Mobile violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

In a Memorandum Opinion issued on August 28, 2012, the court conditionally certified a nationwide class of all current and former employees who worked as Customer Service Representatives,[2] Retention Representatives, Technical Support Representatives, Financial Service Representatives, Financial Care Representatives, or in related occupations at any of T-Mobile's call centers since December 5, 2008. (Docket No. 106, at 17.) The Memorandum Opinion also ordered the parties to confer and attempt to submit agreed-upon-notice and consent forms within 20 days from the date of the accompanying Order. (*Id.* at 19.) That deadline has since passed, with the parties unable to reach an agreement concerning the contents of the aforementioned forms. The parties have asked the court to resolve the pending dispute.

Specifically at issue here are the contents of the consent form that will be mailed to putative opt-in plaintiffs. T-Mobile has filed with the court a proposed consent form in which opt-in plaintiffs are required to specifically select the claims he or she wishes to assert. (Docket No. 108, Ex. B.) The form contains the following format:

> **CONSENT TO BECOME PARTY PLAINTIFF**
>
> I represent that I have worked as a Customer Service Representative, Customer Service Representative II, Retention Representative, Technical Support Representative, Financial Service Representative, Financial Care Representative, or in a related occupation at one of T-Mobile's call centers since December 5, 2008.
>
> 1. **Payroll Practices Claim**: By signing directly below, I assert

---

[2] This also included those current and former employees who held the job title of Customer Service Representative II.

2

Case 3:11-cv-00411 Document 115 Filed 10/02/12 Page 2 of 8 PageID #: 3051

a "payroll practices claim." I authorize the filing and prosecution of an action in my name, on my behalf and on behalf of others similarly situated, for unpaid overtime wages, liquidated damages and all other relief provided under the law.

                                                                                                    SIGNATURE

2. **Off-the-Clock Claim**: Between December 5, 2008 and [sic] present[,] I have performed unpaid "off-the-clock" work at T-Mobile, before clocking into the timeclock at the beginning of my shift and/or during my unpaid meal period.

   Yes ___ No ___

   (If "Yes" only) By signing directly below, I assert an "off-the-clock claim." I authorize the filing and prosecution of an action in my name, on my behalf and on behalf of others similarly situated, for unpaid overtime wages, liquidated damages and all other relief provided under the law.

                                                                                                        SIGNATURE

3. **My Contact Information**:

   _____
   PRINT NAME

   _____
   STREET ADDRESS

   _____
   CITY, STATE, ZIP CODE

(*Id.*)

     In contrast, the proposed consent form submitted by the plaintiffs does not require opt-ins to select the FLSA claims they intend to assert. (Docket No. 111, Ex. B.) Instead, it reflects that

3

an opt-in plaintiff, by his or her signature, represents that he or she is a member of the conditional class and wishes to join the collective action. (*Id.*) The plaintiffs' form contains the following format:

**CONSENT TO JOIN**

By my signature below, I represent that I have worked as a Customer Service Representative, Customer Service Representative II, Retention Representative, Technical Support Representative, Financial Service Representative, Financial Care Representative, or in a related occupation at one of T-Mobile's call centers since December 5, 2008. I authorize the filing and prosecution of an action in my name and on my behalf and on behalf of others similarly situated to recover unpaid wages, liquidated damages and all other relief provided under the Fair Labor Standards Act.

DATE: _____          _____
                                  SIGNATURE

                                  _____
                                  PRINT NAME

                                  _____
                                  STREET ADDRESS

                                  _____
                                  CITY, STATE, ZIP CODE

(*Id.*)

T-Mobile urges the court to adopt its proposed consent form. It asserts that the form merely attempts to obtain otherwise discoverable information from the opt-in plaintiffs concerning the specific claims they intend to assert. (Docket No. 108, at 2-3.) T-Mobile adds that gaining this information from the consent form will reduce the costs of written discovery. (*Id.* at 3.)

4

The plaintiffs raise numerous objections to T-Mobile's proposed consent form. Chief among them is that the form is contrary to the plain language of the FLSA. (Docket No. 111, at 2.) The remaining objections raised by the plaintiffs include that T-Mobile: (1) is attempting to re-litigate the issue of conditional certification through the questions contained in its proposed consent form; (2) seeks information from opt-in plaintiffs lacking the benefit of counsel that is properly obtainable through discovery; and (3) urges the approval of a consent form that will confuse opt-in plaintiffs. (Docket No. 111, at 5-6, 8-13.) The plaintiffs thus request that the court adopt their proposed consent form, as they contend that it is clear, concise, and lacks any misleading information. (Docket No. 111, at 7-8.)

Having considered the parties' contentions, the court finds that the text of the FLSA's statutory provisions settles the instant dispute. The relevant provision provides, in pertinent part, that:

> An *action* to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such *action* unless he gives his consent in writing to become such a party and such consent is filed in the court in which such *action* is brought.

29 U.S.C. § 216(b) (emphasis added). The plain language of this statutory text expressly provides that, in filing a written consent form, an opt-in plaintiff joins an *action* to redress his or employer's statutory liability. Indeed, Section 216(b) lacks any requirement that opt-in plaintiffs consent to join specific claims within the broader action.

In *Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003), the Eleventh Circuit

Court of Appeals interpreted the aforementioned statutory text in the same manner. The issue before the court in that case concerned whether opt-in plaintiffs were required to submit new consent forms after the named plaintiffs added a claim to the original complaint. *Prickett*, 349 F.3d at 1296. In concluding that the filing of new consent forms was not required, the Eleventh Circuit commenced its analysis by examining the text of 29 U.S.C. § 216(b). *Id.* at 1296-97. It noted that the plain language of Section 216(b) "indicates that plaintiffs do not opt-in or consent to join an action as to specific claims, *but as to the action as a whole*." *Id.* at 1297 (emphasis added). The Eleventh Circuit added that, by referring to opt-in plaintiffs as "party plaintiffs," "Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Id. See also Fengler v. Crouse Health Sys., Inc.*, 634 F.Supp. 2d 257, 262-63 (N.D.N.Y. 2009) (citing *Prickett* for this proposition and vacating a Magistrate Judge's decision to include a paragraph in the consent form that limited the opt-in plaintiffs' claims to only one of two asserted in the complaint).

T-Mobile does not dispute that the FLSA expressly provides that opt-in plaintiffs consent to join an action. Indeed, it fails to even mention Section 216(b)'s plain language in its briefing. Instead, T-Mobile attempts to distinguish *Prickett* and *Fengler*. However, these attempts are unavailing. Like the present case, *Prickett* and *Fengler* both involved circumstances requiring an interpretation of Section 216(b) and concluded that its text only requires that opt-in plaintiffs file written consents to join an action, as opposed to specific claims. This conclusion concerning the meaning of Section 216(b)'s statutory text necessarily did not turn on the factual circumstances accompanying both cases.

6

In the instant case, T-Mobile's proposed consent form compels opt-in plaintiffs to make a decision that the FLSA does not mandate, that is, it requires them to select the specific claims they wish to assert. T-Mobile can readily obtain information concerning such claims after the opt-in plaintiffs have joined this action by using any one of the discovery devices contained in the Federal Rules of Civil Procedure. Indeed, in correspondence exchanged between the parties' counsel prior to the filing of the proposed consent forms, counsel for T-Mobile acknowledged the availability of targeted interrogatories as a means of ascertaining the specific claims each opt-in plaintiff plans to assert in this lawsuit. (Docket No. 115, Ex. E.) In any event, because T-Mobile's proposed consent form fails to comply with the FLSA's express requirements, the court declines to approve it for delivery to members of the nationwide conditional class.[3]

Therefore, all that remains before the court are the proposed notice and consent forms filed by the plaintiffs. Upon review, the court finds that the plaintiffs' proposed notice form essentially mirrors T-Mobile's.[4] (*See* Docket No. 108, Ex. A; Docket No. 111, Ex. A.) Indeed,

---

[3] As an aside, the court also notes that the structure of T-Mobile's proposed consent form may lead to confusion among putative opt-in plaintiffs and thus potentially create inefficient results. For instance, because the proposed form sets forth two separate claims for opt-in plaintiffs to join, it is conceivable that at least some individuals will believe that they can only select one of the two claims. As the plaintiffs note in their brief, discovery could later reveal that some of those individuals also have a basis to assert the other unselected claim, which could very well trigger an additional round of litigation between the parties. (Docket No. 111, at 11.)

[4] The only difference between the two forms is that T-Mobile's proposed notice uses terms to denote the two FLSA claims asserted by the plaintiffs in this action. (Docket No. 108, Ex. A, at 3.) Thus, T-Mobile applies the term "payroll practices claim" to denote the plaintiffs' allegations that T-Mobile underpaid employees by failing to include certain required payments in the regular rate of pay when it calculated overtime. (*Id.*) Similarly, it applies the term "off-the-clock claim" to denote the plaintiffs' allegations that they performed uncompensated work prior to the commencement of their shifts and during their unpaid meal breaks. (*Id.*) It appears that these terms are employed primarily for use in T-Mobile's corresponding consent form, where

T-Mobile has raised no objections to the contents of the plaintiffs' notice form. Moreover, the plaintiffs' proposed consent form follows the same format as the consent form that was previously authorized by the court after ruling on the plaintiffs' original motion for conditional certification. (*See* Docket No. 58, Ex. 2.) Accordingly, the plaintiffs' proposed notice and consent forms will be approved.

## CONCLUSION

In light of the foregoing, the court approves the plaintiffs' proposed notice and consent forms for delivery to members of the nationwide conditional class. The plaintiffs shall mail their notice and consent forms within ten days of the date of this Memorandum and Order.

It is so ordered.

Enter this 2nd day of October 2012.

_____
ALETA A. TRAUGER
United States District Judge

---

opt-in plaintiffs are asked to specify whether they are asserting a "payroll practices claim" or an "off-the-clock claim." (*See* Docket No. 108, Ex. B.)